93 F.3d 986
 320 U.S.App.D.C. 323
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Lloyd M. ROYAL, Jr., Appellant.
 No. 95-3178.
 United States Court of Appeals, District of Columbia Circuit.
 July 11, 1996.
 
 Before: WALD, WILLIAMS, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.CIR.RULE 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the judgment of the district court be affirmed. The evidence was sufficient to support appellant's conviction. See United States v. Washington, 12 F.3d 1128, 1135-36 (D.C.Cir.1994); see also United States v. Levi, 45 F.3d 453, 457 (D.C.Cir.), cert. denied, 115 S.Ct. 2560 (1995). In reviewing the sufficiency of the evidence, this court is "required to view the evidence in the light most favorable to the jury's verdict." United States v. Kegler, 724 F.2d 190, 196 (D.C.Cir.1983). Evidence before the jury, including conflicting stories he offered to explain his possession of books that had belonged to Sterling Brown, as well as evidence indicating that appellant himself stole from Howard University books he later sold, provided a sufficient basis for the jury to conclude that appellant knew that the books he transported had been stolen. Furthermore, Royal's knowledge that the books had been stolen, coupled with his declared intention to "donate" the stolen volumes to Howard University, eviscerates any claim that he transported the books to the District of Columbia for a "wholly innocent" purpose. See United States v. Sheridan, 329 U.S. 379, 385 n. 11 (1946).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.CIR.RULE 41.